OFFICE OF DISCIPLINARY COUNSEL *v.* HILLER.

[Cite as Disciplinary Counsel *v.* Hiller (1983), 5 Ohio St. 3d 237.]

(D.D. No. 83-9—Decided July 6, 1983.)

238

*Mr. Angelo J. Gagliardo,* disciplinary counsel, and *Mr. Charles W. Kettlewell,* for relator.

*Mr. Christ Theodor,* for respondent.

*Per Curiam.* This court concurs in the board's findings that respondent violated DR 1-102 (A)(4) and (6), DR 2-110 (A) and (C), DR 6-101 (A), DR 7-101 (A), and DR 9-102. We further concur in the board's conclusion that these violations merit an indefinite suspension from the practice of law. We are constrained to disagree, however, with the board's recommendation to the extent that it provides for a stay of respondent's suspension.

The stay fashioned by the board and the procedural safeguards attendant thereto are not within the purview of Gov. R. V at this time. While the board correctly notes that this court has in the past approved professional probation, see *Stark County Bar Assn.* v. *Weber* (1963), 175 Ohio St. 13 [23 O.O.2d 292], we refuse to extend *Weber* and specifically disapprove the conditional sanction imposed in that case. *Weber,* moreover, did not involve the relatively extensive supervisory procedures contained in the board's report.

We are sensitive to the concerns that motivated the board to recommend that respondent be placed on professional probation and do not dispute the board's finding that respondent's rehabilitation has been successful. Nevertheless, the stay devised by the board with its related administrative respon-

---

[1] The board set forth the following conditions in its report:

"* * * The supervisor shall report to the Office of Disciplinary Counsel in writing on the first and fifteenth days of each month concerning respondent's compliance with the conditions herein. Respondent shall cooperate with the supervisor and shall produce such books, records and files as may be necessary for the supervisor to verify respondent's compliance with the conditions herein. Specifically respondent shall:

"A.  Maintain complete abstinence from alcohol and other mood changing chemicals including marijuana and cocaine.

"B.  Respondent shall attend at least one (1) AA meeting a week.

"C.  Respondent shall attend all after-care and post-treatment sessions recommended by the Miami Valley Hospital — Alcohol and Drug Rehabilitation Treatment Facility.

"D.  Respondent shall supply such waivers as are necessary for the Office of Disciplinary Counsel to verify that the recommendations of the treatment facility are followed.

"E.  Respondent shall maintain books and records concerning his income and expenses, and funds held on behalf of clients, in compliance with Rules for the Government of the Bar of Ohio and the Code of Professional Responsibility.

"F.  Respondent shall make full restitution of those fees paid by clients mentioned on pages 1 and 2 of this report."

sibilities does represent a significant departure from the sanctions currently contemplated by Gov. R. V. The board's attempt to design a form of probationary discipline may well have merit. If a form of probationary discipline is to be adopted, however, it should be adopted formally by way of an amendment to the Supreme Court Rules for the Government of the Bar. In the absence of a formalized procedural mechanism to implement the board's recommendation, we cannot concur in the board's proposed sanction.

Therefore, it is the judgment of this court that respondent be indefinitely suspended from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.